IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JOE A. POWERS | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-02061 |
| | ) | |
| SONOCO PRODUCTS COMPANY, | ) | |
| | ) | |
|     Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Plaintiff Joe A. Powers ("Powers") brings this suit against Sonoco Products Company ("Sonoco") for racial discrimination in violation of Title VII of the Civil Rights Act. (See Compl., ECF No. 1.) Powers filed suit on January 26, 2011 (Id.), and Sonoco filed a Motion to Dismiss on June 14, 2011. (See Def.'s Mot. to Dismiss, ECF No. 6 ("Mot. to Dismiss").) Powers responded on October 14, 2011 (Pl.'s Late Resp. to Mot. to Dismiss and Court's Request to Show Cause, ECF No. 13 ("Resp.")), and Sonoco replied on October 28, 2011. (Def.'s Reply to Pl.'s Resp. to Mot. to Dismiss, ECF No. 14 ("Reply").) For the following reasons, Sonoco's motion is GRANTED.

**I.  Background**

Since 1988, Powers, a Tennessee resident, has been employed by Sonoco, a Tennessee corporation conducting business in

1

Tennessee. (Compl. ¶¶ 1-3.) Powers has worked as a machine operator. (Id. ¶ 3.) He contends that promotions and job assignments have been given to Caucasian employees and not to African-Americans, and that any of Sonoco's explanations are pretextual. (Id. ¶¶ 3-4, 6.)

In his charge of discrimination, Powers contended that, on or about July 30, 2009, he was given only a one-day notice before being asked to take the written test for the "Team Leader Mechanic position" by Tommie Smith ("Smith"). (Charge of Discrimination, ECF No. 6-2.)[1] After taking the test, he was informed he could never take the test to become a "Team Leader Mechanic" again. (Id.) Powers was informed of his test results on September 30, 2009, but never received his actual test score. (Id.) Powers claims that Smith's actions were due to Nick Harris ("Harris"), the Plant Manager. (Id.) Powers alleges that he was "discriminated against for participating as a witness in an EEOC investigation." (Id.) He put a mark next to

---

[1] Although Powers "incorporates by reference . . . all of the allegations of his charge of discrimination before the EEOC," (Compl. ¶ 3), he did not submit a copy to the Court. Sonoco did so as part of its Motion to Dismiss. (See Charge of Discrimination.) "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." Borman v. Great Atl. & Pac. Tea Co., Inc., 64 Fed. App'x 524, 528 n.3 (6th Cir. 2003)(quoting Weiner v. Klais & Co., Inc., 108 F.3d 86, 89 (6th Cir. 1997); See also Malaney v. AT&T Umbrella Benefit Plan No. 1, No. 2:10-cv-401, 2010 U.S. Dist. LEXIS 130029, at *6 (S.D. Ohio, Dec. 9, 2010)("The court may also consider a document . . . which is referred to in the complaint and is central to the plaintiff's claim."). Powers expressly refers to the charge of discrimination in his complaint, and he is statutorily required to file a complaint with the EEOC before bringing suit. Younis v. Pinanacle Airlines, Inc., 610 F.3d 359, 361 (6th Cir. 2010) (citing 42 U.S.C. § 2000e-5(e)). The EEOC charge of discrimination is part of Powers' pleadings.

the box for discrimination because of retaliation, but but he did not mark the box for racial discrimination, nor did he mention racial discrimination in his charge of discrimination. (Id.)

Powers' complaint does not mention retaliation. Instead, it alleges that "promotions and job assignments have been favorably given to white employees and not to African-Americans." (Compl. ¶ 3.) He contends that he was denied promotion "as a result of race [] discrimination by conduct of [Sonoco] which was inconsistent with and in contravention of Title VII of the Civil Rights Act." (Compl. ¶ 4.) Thus, his complaint raises a claim of racial discrimination (See Compl. ¶ 3-4), but his EEOC charge alleges only retaliation. (Charge of Discrimination.) Powers contends that he has a good and satisfactory work record. (Compl. ¶ 4.) He seeks damages for lost wages and benefits, lost opportunities, and lost income. (Id. ¶ 5.) He also asks that Sonoco be enjoined from its purported wrongful conduct. (Id. ¶ 7.)

Sonoco moves to dismiss for failure to state a cause of action pursuant to Federal Rule of Civil Procedure 12(b)(6). (See Mot. to Dismiss.)

**II. JURISDICTION**

Because Powers alleges violation of Title VII of the Civil Rights Act, the Court has subject matter jurisdiction under the

3

general grant of federal question jurisdiction in 28 U.S.C. § 1331 and jurisdiction under 42 U.S.C. § 2000-e5(f)(3). Arbaugh v. Y&H Corp., 546 U.S. 500, 505-06 (2006).

### III. STANDARD OF REVIEW

When addressing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (citing Twombly, 550 U.S. at 555.) Nonetheless, a complaint must contain sufficient facts "to state a claim to relief that is plausible on its face"

to survive a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). To survive a motion to dismiss, a complaint ultimately must demonstrate "facial plausibility," defined as "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted).

**IV. ANALYSIS**

Congress gave initial enforcement responsibility for Title VII to the EEOC, see 42 U.S.C. § 2000e-5(e)(1). "A person seeking to bring a discrimination claim under Title VII in federal court must first exhaust her administrative remedies." Randolph v. Ohio Dep't of Youth Servs., 453 F.3d 724, 731 (6th Cir. 2004). The purpose of this requirement is to "'trigger an investigation, which gives notice to the alleged wrongdoer of its potential liability and enables the EEOC to initiate conciliation procedures in an attempt to avoid litigation.'" Scott v. Eastman Chem Co., 275 F. App'x 466, 471 (6th Cir. 2008) (quoting Dixon v. Ashcroft, 392 F.3d 212, 217 (6th Cir. 2004)); accord Randolph, 453 F.3d at 731. "As a general rule, a Title VII plaintiff cannot bring claims in lawsuits that were not included in his EEOC charge." Younis v. Pinnacle Airlines,

5

Inc., 610 F.3d 359, 361 (6th Cir. 2010). Doing so "would deprive the charged party of notice and would frustrate the EEOC's investigatory and conciliatory role." Id. An "EEOC complaint should be liberally construed to encompass all claims 'reasonably expected to grow out of the charge of discrimination.'" Randolph, 453 F.3d at 732 (quoting Haithcock v. Frank, 958 F.2d 671, 675 (6th Cir. 1992)). This test asks whether facts were established in the charge of discrimination that would "'prompt the EEOC to investigate a different, uncharged claim.'" Scott, 275 F. App'x at 474 (quoting Weigel v. Baptist Hosp. of E. Tenn., 302 F.3d 367, 380 (6th Cir. 2002)); accord Davis v. Sodexho, 157 F.3d 460, 463 (6th Cir. 1998).

"This expanded rule does not mean . . . that plaintiffs are excused from filing charges on a particular discrimination claim before suing in federal court." Davis, 157 F.3d at 463 (6th Cir. 1998). The complaint must be "reasonably expected to grow out of the charge of discrimination." Haithcock, 958 F.2d at 675 (internal quotations omitted). If a charge of discrimination contains no facts that would put a defendant or the EEOC on notice of a particular type of discrimination, a plaintiff may not file suit to remedy it under Title VII. Davis, 157 F.3d at 464.

6

This case is not materially distinguishable from Younis. 610 F.3d at 360. The plaintiff in Younis filed a charge with the EEOC alleging discrimination on the basis of religion and national origin. Id. After the EEOC had issued a right-to-sue-letter, he brought suit in federal court for discrimination based on religion, race, and national origin, and for retaliation. Id. The Sixth Circuit held that the plaintiff had not exhausted his administrative remedy for retaliation and could not file a Title VII action on that ground because "[t]he EEOC form included a specific check-off box to indicate a charge of retaliation" that he did not mark. Id. at 363. The Court also noted that "there [was] nothing in the narrative portion of the EEOC charge that could be interpreted as claiming retaliation." Id. Neither the EEOC nor the defendant was on notice of the retaliation charge, and the plaintiff's retaliation claim was dismissed. Id.

This case is also similar to Davis, where the plaintiff filed a charge with the EEOC claiming race discrimination and retaliation, but not age discrimination. 157 F.3d at 462. "In describing the discrimination, [the plaintiff] referred only to race and retaliation . . . . Nowhere on the form did she indicate age as a potential cause of discrimination." Id. at 463. Because the plaintiff failed to provide any facts "that

would prompt the EEOC to investigate age discrimination," she was unable to bring suit on that ground. Id. at 464.

Powers contends that he "detailed two paragraphs of facts" pertaining to discrimination in his EEOC charge (Resp. 1) and that he checked the box for retaliation. (Id.) Nothing in his charge pertains to racial discrimination. Powers marked only the box for discrimination because of retaliation. (Charge of Discrimination.) He stated he "believed that [he] ha[d] been discriminated against in retaliation for participating as a witness in an EEOC investigation." (Id.) There is no mention of racial discrimination in the charge. See Turner v. Novartis Pharms. Corp., No. 11-30300, 2011 U.S. App. LEXIS 19583, at *5 (5th Cir. Sep. 22, 2011) (dismissing plaintiff's claim of hostile work environment because his EEOC charges alleged only "discrimination and [] retaliation"); Duncan v. Delta Consol. Indus., 371 F.3d 1020, 1025-26 (8th Cir. 2004) (dismissing plaintiff's sexual harassment claims because she alleged only retaliation in her charge of discrimination); see also Adamov v. United States Bank Nat'l Ass'n, 776 F. Supp. 2d 447, 452 (W.D. Ky. 2011) (observing that "[d]iscrimination [based on national origin] and retaliation are distinct claims which must be clearly identified in the charge.").

In the alternative, Powers argues in his belated response that he should be allowed to amend his complaint to conform

exactly to the EEOC charge. (Resp. 2.) The Federal Rules of Civil Procedure permit a party to amend a pleading freely within 21 days of service. Fed. R. Civ. P. 15(a)(1). In all other cases, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although a court should freely give leave to amend, "the party requesting leave 'must act with due diligence.'" Smith v. Caterpillar, Inc., 304 F. App'x 391, 395 (6th Cir. 2008) (quoting Parry v. Mohawk Motors of Mich., Inc., 236 F.3d 299, 306 (6th Cir. 2000)). A plaintiff's request to amend the complaint must "state with the particularity the grounds" for amendment. Fed. R. Civ. P. 7(b). "When a motion to dismiss is granted . . . the usual practice is to grant plaintiffs leave to amend the complaint." PR Diamonds, Inc. v. Chandler, 364 F.3d 671, 698 (6th Cir. 2004). But where, as here, "[a plaintiff] request[s] leave to amend in a single sentence without providing grounds . . . []he . . . [does] not state the grounds with particularity." Evans v. Pearson Enters., 434 F.3d 839, 853 (6th Cir. 2006). "'[A] bare request in a[] [response] to a motion to dismiss . . . does not constitute a motion within the contemplation of Rule 15(a).'" PR Diamonds, Inc., 364 F.3d at 699 (quoting Confederate Mem'l Ass'n v. Hines, 995 F.2d 295, 299 (D.C. Cir. 1993)); see also Begala v. PNC Bank, Ohio, N.A., 214 F.3d 776, 784 (6th Cir. 2000) (discouraging plaintiffs from

requesting an amendment "almost as an aside to the district court in a memorandum in opposition to the defendant's motion to dismiss."). "[A] [d]efendant [is] entitled to a review of the complaint as filed pursuant to Rule 12(b)(6). Plaintiffs [are] not entitled to an advisory opinion from the Court informing them of the deficiencies of the complaint." Begala, 214 F.3d at 784.

Powers "did not actually file a motion to amend; instead, [he] included the [] request in [his] brief opposing the defendants' motion to dismiss." La Sch. Employees. Ret. Sys. v. Ernst & Young, LLP, 622 F.3d 471, 486 (6th Cir. 2010); see also Fisher v. Kadant, Inc., 589 F.3d 505, 509-10 (1st Cir. 2009) (warning plaintiffs not to "hedge their bets by adding a cursory contingent request in an opposition to a motion to dismiss."). Powers' request to amend his complaint is DENIED.

## V. CONCLUSION

For the foregoing reasons, Sonoco's Motion to Dismiss is GRANTED.

So ordered this 1st day of December, 2011.

/s Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE